UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYGNET CORPORATION, d/b/a Cygnet Restaurant, On Behalf of Themselves, the General Public and All Others Similarly Situated,<br><br>           Plaintiffs,<br><br>v.<br><br>LEASE FINANCE GROUP, LLC, NORTHERN LEASING SYSTEMS, INC., GLOBAL LEASING COMPANY, INC., JAY COHEN, LEONARD MEZEI, SARA KRIEGER, DREW KENNEDY and PAYMENT SYSTEMS, INC.,<br><br>           Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Essex County Superior Court Case No. 2013-407-D<br><br>(Diversity Jurisdiction)<br>(28 U.S.C. §§ 1332, 1441, and 1453) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that Defendants LEASE FINANCE GROUP, LLC, NORTHERN LEASING SYSTEMS, INC., JAY COHEN, LEONARD MEZEI and SARA KRIEGER (hereinafter collectively, the "Removing Defendants") hereby remove the above-entitled action from the Superior Court of the State of Massachusetts for the County of Essex to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. Sections 1332, 1441, 1446 and 1453. The removal of this action terminates all proceedings in the

Superior Court for the County of Essex.  28 U.S.C. § 1446(d).  Defendants' removal of this action is based on the following:

### The State Court Action

1.	On March 18, 2013 Plaintiffs CYGNET CORPORATION, d/b/a Cygnet Restaurant, On Behalf of Themselves, the General Public and All Others Similarly Situated ("Plaintiffs"), filed a Complaint in the Superior Court of the Commonwealth of Massachusetts for the County of Essex, bearing the caption indicated above (the "State Court Action").  The State Court Action has been assigned Civil Action No. 2013-407-D.  The Removing Defendants first learned about the State Court Action on March 21, 2013, when copies of the Summons and Complaint and Jury Demand were received by one of the Removing Defendants in the mail.  True and correct copies of the foregoing documents are attached hereto as Exhibit 1, which constitutes all of the process, pleadings, and orders received by Removing Defendants in the State Court Action, and, to Removing Defendants' knowledge, constitute all of the process, pleadings, and orders filed in the State Court Action.  See 28 U.S.C. § 1446(a).

2.	The Removing Defendants are informed and believe that defendants Global Leasing Company, Inc., Drew Kennedy and Payment Systems, Inc. have been served with the Summons and Complaint in the State Court Action.  They all consent to removal in accordance with this Notice of Removal.

3. Plaintiff filed the State Court Action on behalf of itself and a putative class consisting of "all persons (including natural persons, corporations, partnerships, or other legal entities) who, from August 11, 2004 to the present, applied or contracted for merchant card services and/or related equipment leasing with any of the Defendants." (the "Class"). Ex. 1, Complaint ¶68. The Complaint assert causes of action for (1) violations of M.G.L. c.93A, §§2 and 11; (2) Common Law Fraud; (3) Unjust Enrichment; (4) Deceit, Fraud and/or Misrepresentation; (5) Negligent Misrepresentation; (6) Conversion; and (7) Breach of Contract. See Ex. 1, Complaint ¶¶ 76-119. The Complaint alleges that members of the Class are entitled to recover three times the amount of all fees that were improperly withdrawn from the bank accounts of class members, together with attorneys' fees and costs of suit, in accordance with M.G.L. c.93A, §§ 2, 11. Ex. 1, Complaint ¶77-84, 90, 99-100, 106-108, 112-13. Plaintiffs also seek restitution of Defendants' wrongful profits, revenues and benefits to the extent and in the amount deemed appropriate by the Court. Ex. 1, Complaint ¶95.

**Removal Pursuant To The Class Action Fairness Act**

4. Removing Defendants remove the State Court Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. §1453. As more specifically set forth below:  (a) the State Court Action is a proposed "class action" as defined in 28 U.S.C. Section 1332(d)(1)(B); (b) minimal diversity

exists because the sole named Plaintiff, Cygnet Corporation, is a Massachusetts corporation whose principal place of business is located at 212 Hart Street, Beverly Farms, Massachusetts, while all of the other defendants are citizens of a different state; and (c) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

*The State Court Action Is A Proposed Class Action*

5. The State Court Action is a proposed "class action," which is defined by 28 U.S.C. Section 1332(d)(1)(B) as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." The Complaint is denominated a "Class Action Complaint" and alleges that it is brought by Cygnet Corporation on behalf of the Class. See, e.g., Ex. 1: Complaint ¶¶ 68.

*Minimal Diversity*

6. Under 28 U.S.C. Section 1332(d)(2)(A), federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

7. An individual is a citizen of the state in which he is domiciled." *Hall v. Curran*, 599 F.3d 70 (1st Cir. 2010). For purposes of diversity jurisdiction,

citizenship is determination by the individual's domicile at the time that the lawsuit is filed.

8. A corporation is a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.

9. The principal place of business of a corporation for purposes of diversity jurisdiction is determined using the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

10. The citizenship of a limited liability company is based on the citizenship of all of its members. *Pramco, LLC ex rel. CFCS Consortium v. San Juan Bay Marina*, 435 F.3d 51, 54 (1st Cir. 2006). In general, diversity is determined at the point the complaint is filed. *See Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 24–25 (1st Cir. 1988).

11. Here, "minimal diversity" exists because Cygnet Corporation is a citizen of Massachusetts and none of the Defendants is a citizen of Massachusetts.

12. According to the Complaint, Cygnet Corporation was incorporated in Massachusetts and has it principal place of business in Massachusetts.

13. LFG is, and as of the date of the filing of the Complaint in this lawsuit was, a Limited Liability Company organized and existing under the laws of Delaware.  The sole member of LFG is, and as of the date of the filing of the Complaint in this lawsuit was, LF Platform, LLC, which was organized in New York.  The members of LF Platform, LLC are, and as of the date of the filing of the Complaint in this lawsuit were, Malki Blaustein as Trustee of the March 17, 2009 Cohen Marital Trust; and Beverly Mezei as Trustee of the March 19, 2009 Mezei Marital Trust.  Malki Blaustein resides in Teaneck, New Jersey and Israel.  Beverly Mezei resides in Bronx, New York.

14. Defendant Northern Leasing Systems, Inc. was incorporated in Delaware and has its principal place of business in New York.

15. Defendant Jay Cohen is domiciled in New York.

16. Defendant Leonard Mezei is domiciled in New York.

17. Defendant Sara Krieger is domiciled in New Jersey.

18. Upon information and belief, Defendant Andrew Kennedy, sued herein as Drew Kennedy, is domiciled in Texas.

19.     Upon information and belief, Merchant Processing Systems LLC, sued herein as Payment Systems, Inc., was organized in California and has its principal place of business in California.

20.     Upon information and belief, that Global Leasing Company, Inc. was incorporated in Nevada and has its principal place of business in New York, New York.

*Amount In Controversy*

21.     "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

22.     Here, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. 1332(d)(2).

23.     Plaintiffs allege they are entitled to a return of all fees that were improperly assessed by Defendants and taken from Plaintiffs' bank accounts, as well as treble damages and attorneys' fees under M.G.L. c.93A, §§2, 11, and punitive damage. According to the Complaint, all fees collected by any of the Defendants since August 11, 2004 were improperly assessed due to fraud, deceit or deception in procuring signed merchant processing contracts and related equipment leases from Class members. The damages sought in the Complaint include all monthly lease charges, taxes, and liability and damage waiver fees collected by

any of the Defendants from all persons who applied for or contracted for merchant card services and/or related equipment from August 11, 2004 to the present – a period of more than eight and one-half years.

24. As set forth in the Declaration of Jay Cohen, filed concurrently with this Notice of Removal, Defendants LFG and Northern Leasing collected in excess of $5,000,000 in fees from putative Class members since August 11, 2004, although they deny that any of the fees collected were improperly or that they are liable to the Class in any amount.

*Numerosity*

25. The Complaint alleges that the Class is composed of more than 100 members. In fact, based on the Class definition set forth in paragraph 68 of the Complaint, the Class consists of more than 100,000 members

*There Are No Exceptions To Jurisdiction Under CAFA*

26. None of the exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d) apply to the State Court Action:[1]

27. The so-called "local controversy" exception (28 U.S.C. §1332(d)(4)(A)) does not apply. None of the Defendants are citizens of Massachusetts, the state in which the State Court Action was originally filed.

---

[1] The Removing Defendants allege these facts for purposes of completeness, but are under no obligation to do so.

28. The so-called "home-state controversy" exception (28 U.S.C. §1332(d)(4)(B)) does not apply. Again, none of the Defendants are citizens of Massachusetts, the state in which the State Court Action was originally filed.

29. The exceptions contained in 28 U.S.C. §1332(d)(5) do not apply. None of the Defendants are States, State officials, or other government entities, and the proposed class is more numerous than 100 members.

## **Procedural Requirements**

30. This Notice of Removal is being filed within thirty (30) days after Moving Defendants' receipt of the Complaint (March 21, 2013). Therefore, removal is timely filed pursuant to 28 U.S.C. § 1446(b).

31. The Superior Court of the State of Commonwealth of Massachusetts for the County of Essex is embraced within the District Court for the District of Massachusetts. Therefore, removal to the District of Massachusetts is proper. 28 U.S.C. §1441(a).

32. A copy of this Notice of Removal will be filed with the clerk of the Superior Court of the State of Commonwealth of Massachusetts for the County of Essex and served upon all adverse parties as required by 28 U.S.C. §1446(d).

33. The undersigned has read this Notice of Removal, and, to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law, and is not

interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly to increase the cost of litigation.

34. By this Notice of Removal Defendants do not admit that Plaintiffs' allegations have any merit whatsoever, and expressly reserve the right to challenge all such allegations on any and all grounds available.

WHEREFORE, Defendants hereby remove the above-entitled civil action from the Superior Court of the Commonwealth of Massachusetts for the County of Essex to this Court.

Dated: April 22, 2013

RESPECTFULLY SUBMITTED,

LEASE FINANCE GROUP, LLC, NORTHERN LEASING SYSTEMS, INC., JAY COHEN, LEONARD MEZEI, and SARA KRIEGER,

By their attorneys,

/s/Michael J. Duffy
Christopher P. Litterio (BBO #551098)
Michael J. Duffy (BBO# 652621)
RUBERTO, ISRAEL & WEINER, P.C.
255 State Street, 7th Floor
Boston, Massachusetts 02109
Telephone (617) 742-4200
Facsimile  (617) 742-2355
cpl@riw.com
mjd@riw.com

**Certificate of Service**

      I, Michael J. Duffy, hereby certify that on April 22, 2013, I caused copies of the within document to be electronically served upon all other parties registered to receive notice in this matter via the ECF system and also served copies on the following counsel by first class mail.

Orestes G. Brown
Metaxas Brown Pidgeon LLP
900 Cummings Center, Suite 207T
Beverly, MA  01915
978-927-8000
obrown@metaxasbrown.com

Christopher R. Dryden, Esq.
Managing Partner
Global Legal Resources, LLP.
501 West Broadway Suite 1600
San Diego, CA 92101
Phone 888-846-8901
Fax 888-846-8902

Robert D. Lillienstein
Moses & Singer LLP
405 Lexington Ave.
New York, NY  10174
Direct Dial:  212.554.7807
Fax:  917.206.4307
www.mosessinger.com

                                            /s/Michael J. Duffy